TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 91-1203 |
| of | : | |
| | : | AUGUST 18, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

---

RICHARD T. CONRAD, EXECUTIVE DIRECTOR OF THE CALIFORNIA BUILDING STANDARDS COMMISSION, has requested an opinion on the following question:

Is the energy conservation manual developed by the California Energy Commission subject to the approval of the Building Standards Commission?

CONCLUSION

The energy conservation manual developed by the California Energy Commission is not subject to the approval of the Building Standards Commission.

ANALYSIS

The duties of the California Energy Commission ("Commission") include prescribing, by regulation, standards designed to reduce wasteful, uneconomic, inefficient, or unnecessary consumption of energy. (Public Resources Code, § 25402.) The standards are contained in an energy conservation manual. Section 25402.1, subdivision (e) specifically requires the Commission to:

"Certify, not later than 180 days after approval of the standards by the State Building Standards Commission, an energy conservation manual for use by designers, builders and contractors of residential and nonresidential buildings. . . . The manual shall contain, but not be limited to, the following:

"(1) The standards for energy conservation established by the commission.

"(2) Forms, charts, tables, and other data to assist designers and builders in meeting the standards.

"(3)  Design suggestions for meeting or exceeding the standards.

"(4)  Any other information which the commission finds will assist persons in conforming to the standards.

"(5)  Instructions for use of the computer program for calculating energy consumption in residential and nonresidential buildings.

"(6)  The prescriptive method for use as an alternative to the computer program."

The Commission's standards contained in the manual that have been approved by the State Building Standards Commission ("BSC") are "building standards."  Public Resources Code section 25402.2 provides:

"Any standard adopted by the commission pursuant to Sections 25402 and 25402.1 which is a building standard as defined in Section 25488.5 shall be submitted to the State Building Standards Commission for approval pursuant to, and is governed by, the provisions of the State Building Standards Law, Part 2.5 (commencing with Section 18091) of Division 13 of the Health and Safety Code and Section 25216.4 of this code.  Such building standards adopted by the commission and published in the State Building Standards Code shall be enforced as provided in Sections 25402 and 25402.1."

Public Resources Code section 25488.5 in turn adopts the definition of "building standard" that is set forth in Health and Safety Code section 18909,[1] which reads in part:

"(a)  `Building standard' means any rule, regulation, order, or other requirement, including any amendment or repeal of that requirement, which specifically regulates, requires, or forbids the method of use, properties, performance, or types of materials used in the construction, alteration, improvement, repair, or rehabilitation of a building, structure, factory-built housing, or other improvement to real property, including fixtures therein, and as determined by the commission.

"(b)  Except as provided in subdivision (d), `building standard' includes architectural and design functions of a building or structure, including, but not limited to, number and location of doors, windows, and other openings, stress or loading characteristics of materials, and methods of fabrication, clearances, and other functions.

"(c)  `Building standard' does not include a regulation, rule, or order relating to the enforcement of a building standard, including the penalties for failure to comply with a building standard."

The question presented for analysis is whether the Commission must submit its energy conservation manual to the BSC for approval before the manual may be distributed to the general public.  We conclude that the manual is not subject to such review and approval.

_____

[1]All unidentified section references hereafter are to the Health and Safety Code.

The duties of the BSC are set forth in section 18931. The statute provides:

"The commission shall perform the following:

"(a) In accordance with Section 18930 and within 120 days from the date of receipt of adopted standards, review the standards of adopting agencies in order to approve, return for amendment with recommended changes, or reject building standards or administrative regulations that apply directly to the implementation or enforcement of building standards submitted to the commission for its approval. When building standards are returned for amendment or rejected, the commission shall inform the adopting agency of the specific reasons for the recommended changes or rejection, citing the criteria required under Section 18930. When standards or administrative regulations that apply directly to the implementation or enforcement of building standards are not acted upon by the commission within 120 days, the standards shall be approved, including codification and publication in the California Building Standards Code, without further review and without return or rejection by the commission.

"(b) Codify, including publish, all building standards or administrative regulations that apply directly to the implementation or enforcement of building standards of state agencies and statutes defining building standards into one California Building Standards Code.

"(c) Resolve conflicts, duplication, and overlap in building standards or administrative regulations that apply directly to the implementation or enforcement of building standards in the code.

"(d) Ensure consistency in nomenclature and format in the code.

"(e) In accordance with Section 18945, hear appeals resulting from the administration of state building standards.

"(f) Adopt any procedural regulations which it deems necessary to administer this part."[2]

---

[2]Under subdivision (a) of section 18929, the BSC is also responsible for developing regulations which will ensure:

"(1) Adequate public participation in the development of building standards prior to submittal to the commission for adoption and approval.

"(2) Adequate notice to the public in written form of the compiled building standards and their justification.

"(3) Adequate technical review of proposed building standards and accompanying justification by advisory bodies appointed by the commission.

"(4) Adequate time for review of recommendations by advisory bodies prior to action by the commission.

"(5) The procedures shall meet the intent of the Administrative Procedure

At the time an adopting state agency submits its proposed building standards or administrative regulations to the BSC,[3] it must provide the BSC with an analysis which justifies the approval thereof in terms of a number of statutorily prescribed criteria. (See § 18930, subd. (a).) After the building standards and related administrative regulations are approved by the BSC, they are to be incorporated into the California Building Standards Code, title 24 of the California Code of Regulations. (§ 18940.)

To make it clear that the Commission must gain approval of the BSC for all its building standards, the Legislature added section 25216.4 to the Public Resources Code:

"Notwithstanding any other provision of this code or of law and except as provided in the State Building Standards Law, Part 2.5 (commencing with Section 18901) of Division 13 of the Health and Safety Code, on and after January 1, 1980, the State Energy Resources Conservation and Development Commission shall not adopt nor publish a building standard as defined in Section 18909 of the Health and Safety Code unless the provisions of Sections 18930, 18933, 18938, 18940, 18943, 18944, and 18945 of the Health and Safety Code are expressly excepted in the statute under which the authority to adopt rules, regulations, or orders is delegated. Any building standard adopted in violation of this section shall have no force or effect. Any building standard adopted before January 1, 1980, pursuant to this code and not expressly excepted by statute from such provisions of the State Building Standards Law shall remain in effect only until January 1, 1985, or until adopted, amended, or superseded by provisions published in the State Building Standards Code, whichever occurs sooner."

Thus, the energy conservation manual in question, as mandated by Public Resources Code section 25402.1, subdivision (e), may not contain any building standards which have not been approved by the BSC in accordance with established procedures. However, there is no provision requiring that the manual as a whole be submitted to the BSC for general approval after the BSC has approved the individual standards submitted by the Commission. Given that the purpose of the manual is to assist persons in conforming to standards which themselves have gone through a lengthy review process (Pub. Resources Code, § 25402.1, subd. (e)), that all approved building standards and regulations are to be placed in the California Building Standards Code (§ 18940), and that certification of the manual by the Commission may occur up to 180 days after approval of the building standards by the BSC, it is evident that the Legislature did not contemplate that compilation of the manual with its approved standards would trigger another round of review by the BSC.

What is to occur, then, if the Commission's energy manual contains building standards that have not been approved by the BSC? We believe that the Legislature has answered that question by providing a mechanism for challenging specific aspects of the Commission's energy manual, once it has been published. Section 18945, subdivision (a) states:

---

Act and Section 18930."

The intent of these provisions is to prevail where there is a conflict with other provisions of the Building Standards Law. (§ 18929, subd. (b).)

[3]The Commission's "administrative regulations that apply directly to the implementation or enforcement of building standards" are primarily those needed for record-keeping purposes.

"Any person adversely affected by any regulation, rule, omission, interpretation, decision, or practice of any state agency respecting the administration of any building standard may appeal the issue for resolution to the [Building Standards] commission."[4]

The energy manual may be viewed as setting forth interpretations, decisions, and practices of the Commission which concern the administration of building standards. To the extent that these interpretations, decisions, and practices are themselves building standards which have not been approved by the BSC, they have "no force and effect" (Pub. Resources Code, § 25216.4) and may be so found by the BSC upon successful challenge by a person who is adversely affected. (See § 18946.)[5]

We do not believe that this administrative appeal process undermines the legislative goals of having the BSC review and approve all building standards and regulations that apply directly to the implementation or enforcement of building standards. Only standards and regulations approved by the BSC are set forth in the California Building Standards Code. (§ 18931.) It is this codification that is determinative of the regulatory measures that are binding upon builders as valid building standards and regulations. Reliance is properly placed upon the latter code for "requirements" as distinguished from the manual's "suggestions." (§ 25402.1, subd. (e).)

It is beyond the scope of this opinion to determine whether any current energy manual provision is actually an unapproved building standard[6] despite being intended to serve merely as a "compliance aid."[7] However, because of the explicit prohibition against the adoption

---

[4]Section 18945 is one of the provisions which Public Resources Code section 25216.4 enumerates as being applicable to all building standards adopted by the Commission unless specifically waived by the statute under which the authority to adopt rules, regulations, or orders is delegated.

[5]This method of challenging specific aspects of the energy manual should not be viewed as an avenue for securing general review of the manual by the BSC; we interpret subdivision (e) of section 25402.1 as not so mandating review of the entire manual by the BSC.

[6]We do not read subdivision (b) of Section 18909 as broadening the scope of the term "building standard" as defined in subdivision (a). Subdivision (b), which provides that "building standard" includes "architectural and design functions of a building or structure," must be read in light of subdivision (a), which provides the main definition of "building standard" and is couched in terms of "requirements." Therefore, we read subdivision (b) as meaning *requirements* which pertain to "architectural and design functions of a building or structure."

[7]Under subdivision (c) of section 18930, any factual determinations of the adopting agency must be considered conclusive by the BSC unless the BSC specifically finds, and sets forth its reasoning in writing, that the factual determination is arbitrary and capricious or substantially unsupported by the evidence considered by the adopting agency. In addition, whenever a building standard is principally intended to conserve energy, the BSC must consider or review the cost to the public or benefit to be derived as a "factual determination" pursuant to subdivision (c). (§ 18930, subd. (d).) However, these presumptions apply only when proposed regulations have been submitted by the Commission, as the adopting agency, for approval by the BSC. Provisions in the manual, aside from the approved building standards themselves, have not previously been reviewed by the BSC and therefore cannot be considered "factual determinations" which are entitled to "great weight." (§ 18930, subd. (c).) Among other things, the Legislature has charged the BSC with ensuring that there

of building standards by the Commission without approval of the BSC, we must conclude that any provision in the manual which serves to expand or change the underlying building standard is subject to being contested under the provisions of section 18945.[8]  In any event, as previously indicated, the relevant statutes, read as a whole, do not require the energy manual to be approved by the BSC before being published but contemplate only that particularized concerns with the contents of the manual be appealed to the BSC.

\* \* \* \* \*

---

is adequate technical review of proposed building standards and accompanying justification by advisory bodies appointed by the BSC.  (§ 18929, subd. (a)(3).)

[8]In this connection, considerable discretion is vested in the BSC since subdivision (a) of section 18909 provides that "building standard" includes not only the specified rules, regulations, orders, or other requirements, but also other items "as determined by the commission."